Timothy A. Lukas, Esq. (NV Bar # 4678)
Jerry M. Snyder, Esq. (NV Bar # 6830)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511
T: (775) 327-3000 / F: (775) 786-6179
tlukas@hollandhart.com
jsnyder@hollandhart.com

*Attorneys for Plaintiff FIRST FINANCIAL BANK, N.A.*

# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| FIRST FINANCIAL BANK, N.A., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>CAROL A. CHRISTENSEN, an individual; CHRISTINE E. CHRISTENSEN, an individual; JAFFRA A. MASAD, an individual; GREGG A. CHRISTENSEN, an individual; ROBERT B. CHRISTENSEN an individual; GREGG A. CHRISTENSEN, Trustee of the GREGG AND CAROL CHRISTENSEN REVOCABLE TRUST; CAROL A. CHRISTENSEN, Trustee of the GREGG AND CAROL CHRISTENSEN REVOCABLE TRUST; ROBERT B. CHRISTENSEN, Trustee of the ROBERT B. CHRISTENSEN AND CHRISTINE E. CHRISTENSEN REVOCABLE TRUST; CHRISTINE E. CHRISTENSEN, Trustee of the ROBERT B. CHRISTENSEN AND CHRISTINE E. CHRISTENSEN REVOCABLE TRUST; JAFFRA A. MASAD, Trustee of the MASAD TRUST DATED JULY 15, 1998<br><br>Defendants. | CASE NO.: 3:11-cv-00400-RCJ-WGC<br><br>ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY ONLY |

On December 22, 2011, Plaintiff FIRST FINANCIAL BANK, N.A. ("First Financial"), filed its Motion for Summary Judgment (the "Motion"). The Court, having reviewed the pleadings and papers herein, having heard oral arguments of counsel on May 29, 2012, and for good cause appearing, concludes as follows:

1

**Background**

On or about May 6, 2008, Creekside Development, LLC ("Creekside") borrowed approximately $4,000,000.00 from Irwin Union Bank ("IUB") to finance a commercial real property development project. This loan was memorialized in a duly executed Loan Agreement, a Promissory Note, and a Deed of Trust (collectively, the "Loan Documents"), all of which have been reviewed by this Court. In addition, each of the Defendants executed a Guaranty securing Creekside's obligations to Irwin Union Bank. This Court has likewise reviewed these Guaranties.

On or about September 18, 2009, the FDIC as receiver for IUB assigned the Creekside Loan and the Guaranty to First Financial. The assignment was documented and recorded on or about July 23, 2010.

Creekside subsequently defaulted on the debt. On January 3, 2011, First Financial sent a Notice of Default so advising Creekside. On or about March 25, 2011, Creekside filed for bankruptcy protection.

**Analysis**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion for summary judgment may address "all or any part" of a civil action. *See id.* "Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists." *Dewing v. MTR Gaming, Inc.*, 2006 WL 241057, *2 (D. Nev. 2006). "The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted). "Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party." *Id.* First Financial, as the moving party, need only identify that evidence "which it believes demonstrates the absence of a genuine issue of material fact." *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once First

Financial meets this initial burden, the burden shifts to the defendants "to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *F.T.C. v. Stefanchik*, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). In meeting this burden the Guarantors "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of [its] case that [it] must prove at trial." *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 321-23). The Guarantors can meet its burden only by coming forward with admissible evidence. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1968)). "Bald assertions that genuine issues of material fact exist are insufficient." *Id.* Defendants cannot "'rest upon the mere allegations or denials'" of its pleadings, but must produce evidence that "'sets forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting *Anderson*, 477 U.S. at 248). A "'mere scintilla of evidence' is not enough. *Stefanchik*, 559 F.3d at 929. Further, affidavits that do not demonstrate personal knowledge, and evidence that is uncorroborated and self-serving, are insufficient. *See Keenan v. Allan*, 91 F.3d 1275, 1278 (9th Cir. 1996). Where the only evidence presented is "uncorroborated and self-serving" testimony, the non-moving party has not met its burden of refuting the summary judgment motion. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

"In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof." *Dewing*, 2006 WL 241057, *3 (citing *Anderson*, 477 U.S. at 248). "'As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Disputes over irrelevant or unnecessary facts should not be considered." *Id.* "Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law." *Id.* (citing *Celotex*, 477 U.S. at 323).

3

"Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole." *Id.* (citing *Celotex*, 477 U.S. at 323).

Here, the undisputed evidence demonstrates that defendants agreed to guaranty Creekside's performance under the loan documents. Creekside defaulted on its loan obligations by failing to make the required payments. Accordingly, the Defendants herein are liable to First Financial any unpaid amounts due to First Financial pursuant to the terms of the Guaranties in an amount to be determined by the Court.

This Court cannot yet calculate the damages that First Financial has incurred, if any, as a result of this default. Until the Creekside bankruptcy proceedings have concluded and a plan has been confirmed, this Court cannot determine the extent of any damages that Creekside has incurred. Accordingly, while summary judgment is appropriate with respect to the Guarantors' liability, summary judgment as to damages is premature.

IT IS HEREBY ORDERED that the Court GRANTS partial summary judgment on the issue of liability.

DATED:  This 6th day of July, 2012.

_____
District Judge

Submitted by:

_____
Timothy A. Lukas, Esq. (NV Bar # 4678)
Jerry M. Snyder, Esq. (NV Bar # 6830)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone: (775) 327-3000
Facsimile:  (775) 786-6179

Attorneys for Plaintiff

4

## PROOF OF SERVICE

I, Liz Ford, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Holland & Hart, LLP. My business address is 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. I am over the age of 18 years and not a party to this action.

I am readily familiar with Holland & Hart's practice for collection and processing of: HAND DELIVERIES, FACSIMILES, E-MAIL and OUTGOING MAIL. Such practice in the ordinary course of business provides for the delivery, e-mailing, faxing and/or mailing with the United States Postal Service, to occur on the same day the document is collected and processed.

On June 18, 2012, I caused the **[PROPOSED] ORDER GRANTING PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY ONLY,** to be served by way of:

☒ E-Mail: By e-mailing a true copy thereof to the following person(s) at the following e-mail addresses:

☑ U.S. MAIL, by placing a true copy thereof in Holland & Hart's outgoing mail in a sealed envelope addressed as follows:

E. Leif Reid, Esq. (NV Bar # 005750)
Caryn S. Tijsseling, Esq. (NV Bar # 006521)
LEWIS AND ROCA LLP
50 West Liberty Street, Suite 410
Reno, Nevada 89501
Telephone: (775) 823-2900
lrejd@lrlaw.com
ctijsseling@lrlaw.com
*Attorneys for Defendants*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on June 18, 2012.

/s/ Liz Ford
Liz Ford

5624738_1.DOCX